(162 App. Div. 178)

ALLEN–KINGSTON MOTOR CAR CO. v. CONSOLIDATED NAT. BANK OF CITY OF NEW YORK et al.  (No. 5701.)

(Supreme Court, Appellate Division, First Department.    May 1, 1914.)

FRAUD (§ 58*)—ACTION—SUFFICIENCY OF EVIDENCE—FALSE REPRESENTATIONS
Evidence in an action for damages for alleged false representations as to the solvency of a corporation *held* insufficient to show that the representations were false.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 55–59; Dec. Dig. § 58.*]

Appeal from Trial Term, New York County.

Action by the Allen-Kingston Motor Company against the Consolidated National Bank of the City of New York, impleaded with William C. Allison and others. Judgment entered upon a verdict for plaintiff, motion for new trial denied, and defendants Allison and others appeal. Reversed and complaint dismissed.

See, also, 145 App. Div. 294, 129 N. Y. Supp. 1070.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Royall Victor, of New York City (Edward H. Green, of New York City, on the brief), for appellants.

John Quinn, of New York City (William F. Goldbeck, of New York City, on the brief), for respondent.

SCOTT, J. This action is for damages for false representations alleged to have been made by the defendants appellants to the plaintiff respecting the solvency of a corporation known as the New York Car & Truck Company. The plaintiff has recovered a judgment, from which the defendants appeal.

This is the second judgment which the plaintiff has recovered and the second appeal to this court. The facts are stated with sufficient fullness in the opinion rendered on the former appeal. 145 App. Div. 294, 129 N. Y. Supp. 1070. In that opinion we intimated very plainly that plaintiff had failed, as we considered, to prove the cause of action which it had alleged. We also found error in the admission of evidence, which in any event would have necessitated a reversal of the judgment. Those errors were avoided on the second trial, but the evidence as to the facts is substantially unchanged, except that the evidence of one Steigerwald, who was present at the interview at which

it is said that the false representations were made, and who did not testify at the former trial, was produced at this. It certainly adds no strength to the plaintiff's case.

Unlike many actions for false representations, there is no question in this case as to the representations that were actually made, for they were reduced to writing, and that writing was introduced in evidence. Notwithstanding the industry and intense earnestness of plaintiff's counsel, he has failed to point out one single item contained in the written statement which was false at the time it was made. Among the statements was one to the effect that:

"The New York Car & Truck Company, at the close of its first fiscal year July 31, 1907, showed about $30,000 surplus."

That statement was true, because the books of the company did show a surplus of very nearly the amount stated. It is true that it afterwards developed that the assets of the company had been overvalued, but it does not appear that any one of the appellants knew that fact.

Finding it impossible to sustain the charge that any one of the appellants made any false statement, the respondent falls back upon the argument that they were guilty of a suppression of the truth, because they did not tell plaintiff's representative other facts than those which were imparted to him. The difficulty with this contention is that it does not appear that there were any other facts, known to appellants, which contradicted the written statement, or which would have been of any consequence, if mentioned. Upon the evidence as it stood at the close of the case the appellants were entitled to a dismissal of the complaint, for which they duly moved.

The case has now been twice tried, and every person present when the alleged deceit was practiced has been examined. Upon neither trial has the plaintiff produced evidence to justify a submission of the case to the jury. It is not suggested that plaintiff is in possession of or can present any other evidence than it has already produced. Under these circumstances it is our duty, not only to reverse the judgment and order appealed from, but to dismiss the complaint.

It is ordered accordingly, with costs to the appellants in all courts. All concur.